IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IMH NM, LLC,

    Plaintiff,

v.                                                                                                        Civ. No. 16-362 MV/SCY

RECORP NEW MEXICO ASSOCIATES LP
*also known as* RECORP NEW MEXICO I LP, et al.,

    Defendants,

and

HART INTERIOR DESIGN, LLC,
HART INTERIOR DESIGN, LLC 401(k) PROFIT
SHARING PLAN, and ATHENA L HART,

    Defendants-Intervenors.[1]

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Plaintiff IMH NM, LLC's Motion to Remand and Brief in Support (Doc. 5), filed May 20, 2016. On January 23, 2018, United States District Judge Martha Vazquez referred the motion to the undersigned for entry of proposed findings and a recommended disposition. Doc. 18.

Intervenors[1] Hart Interior Design, LLC, Hart Interior Design, LLC 401(k) Profit Sharing Plan, and Athena L. Hart (collectively, the Hart Entities) removed this lawsuit from the Thirteenth Judicial District Court for the State of New Mexico. The removal occurred after the Hart Entities moved to intervene in state court and the state court judge orally granted their motion to intervene. While Plaintiffs challenge the Hart Entities' status as Intervenors and

---

[1] The Court includes the Hart Entities in the caption in an effort to describe the various entities and their interests. Whether the Hart Entities actually obtained status as Intervenors in state court, however, is a matter in dispute. The Court's inclusion of the Hart Entities in the caption for the limited purposes of this PFRD should not be construed as an implicit or explicit finding with regard to this matter in dispute.

whether a federal question actually exists, I do not reach these issues because the statutory requirement that all Defendants consent to removal has not been met. Therefore, I propose finding that the removal is procedurally defective due to Defendants' failure to consent and, on this basis, recommend granting Plaintiff's motion to remand.

I.      **Factual and Procedural Background**

On November 20, 2015, Plaintiff filed suit in state court against six business entities for money due, enforcement of guaranty, and foreclosure. Doc. 1-11. The six defendants named in the complaint were Recorp New Mexico Associates, LP ("Recorp I"), Recorp New Mexico Associates II, LP ("Recorp II"), Recorp New Mexico Associates III, LP ("Recorp III"), Tesoro Properties, LLC ("Tesoro"), Carinos Properties, LLC ("Carinos"), and Butera Properties, LLC ("Butera"). *Id*. Recorp I was served on December 28, 2015 and the remaining Defendants were served on January 7, 2016. Docs. 1-1 thru 1-6.

On February 29, 2016, the Hart Entities moved to intervene in the lawsuit. *See* Doc. 1-10. At a March 30, 2016 hearing on the motion to intervene, the state district court judge stated: "It is the finding of the [c]ourt that the . . . proposed [i]ntervenor, has satisfied the requirements of Rule 24(A), intervention of right, and the [c]ourt will grant the [m]ovant's [m]otion to [i]ntervene." Doc. 1-7 at 2. The state court judge then directed counsel for the Hart Entities to draft an order reflecting its ruling. *Id*. at 3. After the hearing, the Hart Entities represent that a disagreement ensued between the parties regarding the form of the order. Doc. 1 at 3. Before the dispute regarding the form of the order could be resolved by the state court, the Hart Entities removed the lawsuit to this Court on April 29, 2016. Doc. 1. It is undisputed that at the time of removal, no written order granting the Hart Entities' motion to intervene had been entered in state court.

2

In their notice of removal, the Hart Entities invoke the Court's original federal jurisdiction under 28 U.S.C. § 1331. Doc. 1 at 1-2. Although Plaintiff's complaint on its face does not assert any federal claims, the Hart Entities allege that removal is proper because the lawsuit "brings into play" the Employee Retirement Income Security Act of 1974 ("ERISA") and federal courts have exclusive original jurisdiction over ERISA-related claims. *Id*. In addition, the Hart Entities' notice includes pre-removal correspondence from Defendants in which they refused to consent to removal and also disputed that there was a basis for federal question jurisdiction. *See* Doc. 1-9. The Hart Entities nonetheless assert in their notice of removal that Defendants' consent is not required because Plaintiff's "claims giving rise to the right to remove are within the exclusive federal jurisdiction of the [f]ederal [c]ourt." Doc. 1 at 4.

## II. Legal Standard

Generally, an action is removable from state court if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citation omitted); *see also Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012).

The removing party bears the burden of establishing federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) abrogated on other grounds by *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014). In addition, because federal courts are courts of limited jurisdiction, there is a presumption against removal

jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) abrogated on other grounds by *Dart Cherokee Basin Operating Co., LLC*; *see also Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 F. App'x 775, 778 (10th Cir. 2005) (unpublished) abrogated on other grounds by *Dart Cherokee Basin Operating Co., LLC* (explaining that "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record.").

The procedural requirements for removal are set forth in 28 U.S.C. § 1446(b). Under this statute, a notice of removal must be filed within thirty days after receipt by the defendant of a copy of a pleading or other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. § 1446(b)(1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

## III.    Analysis

Plaintiff raises three arguments in support of its motion to remand. First, Plaintiff argues that because the state court did not enter a written order on the Hart Entities' motion to intervene, the Hart Entities are not yet defendants in this lawsuit and therefore did not have statutory authority to remove this lawsuit. Doc. 5 at 5-8. Second, Plaintiff asserts that the Court lacks subject matter jurisdiction because the Hart Entities have failed to show the existence of a federal question. *Id*. at 8-14. Third, Plaintiff contends that the removal is procedurally defective because Defendants did not consent to removal. *Id*. at 14-18. Because I find Plaintiff's third argument regarding consent to be dispositive, I do not consider Plaintiff's other arguments.

1. **<u>Lack of Unanimous Consent to Removal</u>**

Plaintiff argues that even if the Hart Entities had the statutory authority to remove this lawsuit, the removal is procedurally defective because all six Defendants did not join in or consent to removal. As stated above, 28 U.S.C. § 1446(b)(2)(A) requires all defendants who have been properly joined and served to join in the notice of removal or consent to removal of the action. This is commonly known as the "unanimity rule." *See Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007). As the Tenth Circuit explained in *Harvey v. UTE Indian Tribe of the Uintah & Ouray Reservation*, the "lack of unanimity is a procedural defect clearly established by statute as precluding removal." 797 F.3d 800, 805 (10th Cir. 2015) (citing 28 U.S.C. § 1446(b)(2)(A)). Thus, "[w]hen there are multiple defendants, generally all must consent to join in the notice of removal in order for it to be effective. The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady*, 504 F. Supp. 2d at 1172-73 (internal citation omitted); *see also Doe v. Sunflower Markets, Inc.*, 831 F. Supp. 2d 1276, 1278 (D.N.M. 2011) (failure of all served defendants to consent to removal constitutes a procedural defect requiring remand); *Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257 (D. N.M. 2008) ("formal consent to removal by all defendants is required").

In this case, it is undisputed that Defendants, all of whom were served prior to removal, expressly declined to join in or consent to removal of this lawsuit. The Hart Entities argue, however, that Defendants' consent was not necessary because this Court has exclusive jurisdiction over this action pursuant to an ERISA-based preemption of Plaintiff's claims. Doc. 12 at 1, 15. I need not decide whether or not exclusive jurisdiction exists in this case – an issue which the parties disagree on – because regardless of the answer to that question, this Court has

previously determined that the consent requirement applies *even* in cases of purported exclusive jurisdiction. Specifically, in *Brady v. Lovelace Health Plan*, this Court held that "28 U.S.C. § 1446 does not waive the unanimity requirement in cases of purported exclusive jurisdiction." 504 F.Supp.2d at 1173. On this basis, this Court in *Brady* rejected an argument nearly identical to the one the Hart Entities now advance. *See id*. (rejecting removing defendant's argument that the other defendant's consent to removal was not necessary because the ERISA claims procedures allegedly at issue in the case were a matter of exclusive federal jurisdiction.). Although the Hart Entities recognize that *Brady* "delineated an opposite outcome" than the one they seek in this case, they encourage the Court to reconsider *Brady* and to follow the reasoning of cases from other jurisdictions that have held that unanimity is not required where exclusive federal jurisdiction exists. Doc. 12 at 15. The holding in *Brady* is consistent with that of a number of other courts. *See, e.g.*, *Pix v. Alper*, 2014 WL 3927536, at *5 (W.D. Wash. 2014) (unpublished) (collecting cases and noting that "courts have consistently rejected the argument that a removing defendant does not have to comply with the rule of unanimity simply because exclusive federal jurisdiction exists"); *Nichols v. HealthSouth Corp.*, 2012 WL 3929797, at *3 (N.D. Ala. 2012) (unpublished) (rejecting argument that unanimity is not required when federal exclusive jurisdiction is implicated and holding that it was bound by Eleventh Circuit precedent "requiring unanimity in all instances of removal"); *Harbor Communications, LLC v. Southern Light, LLC*, 2015 WL 419854, at *4-5 (S.D. Ala. 2015) (unpublished) ("[T]he majority of courts that have addressed the issue have concluded that removal is permitted only if the statutory requirements have been satisfied and the fact that the Court might have exclusive jurisdiction does not dispense with the necessity of complying with the statutory requirements.") (citation and internal quotation marks omitted); *Brooks v. Foglio*, 2013 WL 3354430, at *5 n.3 (D.N.J. 2013)

(unpublished) ("Even though § 4072 provides for exclusive jurisdiction in the federal courts, this does not create an exception to the unanimity rule. While it may seem illogical to remand to state court in situations where the district court has exclusive jurisdiction, the appropriate remedy is not for the district court to ignore the mandates of the removal statute, but for the state court to dismiss the claim for lack of jurisdiction.") (internal citation omitted)). That there is a split in authority among district courts is not an adequate reason to merit reconsideration of *Brady*.

I therefore recommend finding that Defendants' failure to join in or consent to removal is a procedural defect that necessitates remand of this lawsuit.

2. **28 U.S.C. § 1441(c)**

As an alternate to remand of this action in its entirety, the Hart Entities assert that the Court should sever Plaintiff's claims and remand only the nonremovable claims pursuant to 28 U.S.C. § 1441(c).[2] Section 1441(c) operates as follows:

> When a removable claim or cause of action within federal question jurisdiction is joined with otherwise nonremovable claims or causes of actions . . ., the entire action may be removed. However, the district court must then sever the claims that are not within its original or supplemental jurisdiction or that have been made nonremovable by statute and remand them to the state court from which the action was removed. The district court must retain jurisdiction over the removable

---

[2] 28 U.S.C. § 1441(c) reads as follows:

> **(c) Joinder of Federal law claims and State law claims.--(1)** If a civil action includes--
>   **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>   **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

7

claims, with the possible exception of claims over which it has supplemental jurisdiction, which it might decline to exercise under Section 1367(c).

James W. Moore, et al., 16 Moore's Federal Practice, § 107.76[1] (3d ed.) (footnotes omitted). Section 1441(c) also has a consent requirement, which is that "the defendants against whom the federal-question claim is asserted are required to join in or consent to the removal." *Id*. at § 107.76[2]; *see* 28 U.S.C. § 1441(c)(2) ("Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal").[3]

With regard to application of § 1441(c) to Plaintiff's claims, the Hart Entities assert that the only claims that implicate this Court's original jurisdiction under § 1441(c)(1)(A) are Plaintiff's claims against Defendant Carinos. Doc. 12 at 16. These also happen to be the claims that impact the Hart Entities. *Id*. The Hart Entities contend that Plaintiff's remaining claims against the other five Defendants are all state law claims that can be severed and remanded to state court. *Id*. at 17-18 ("In sum, IMH NM's claims that impact the Hart Entities can be severed as a separate action, and IMH NM's claims against the other Defendants can be remanded.").

The Hart Entities argument under § 1441(c) also fails on the basis of consent. Assuming without deciding that § 1441(c) is applicable and that it applies in the manner the Hart Entities allege, § 1441(c)(2) would require Defendant Carinos, as the defendant against whom a federal question claim has been asserted, to consent to removal of this action. Defendant Carinos was served prior to removal and undisputedly did not join in or consent to removal. The Hart Entities do not directly address Defendant Carinos' failure to consent beyond stating in a footnote that Defendant Carinos did not file a responsive pleading. Doc. 12 at 18, n.7. The Hart Entities, however, do not point to any authority suggesting that the failure to file a responsive pleading

---

[3] With regard to consent, "in a Section 1441(c) removal, only defendants against whom a removable federal-question claim has been asserted must join in or consent to the removal whereas, when a removal is pursuant to Section 1441(a), all properly joined and served defendants have to join in or consent to the removal." Charles A. Wright et al, 14B Fed. Prac. & Proc. Juris. § 3722.3 (4th ed.).

excuses § 1441(c)(2)'s consent requirement. Therefore, I recommend that the Court reject the Hart Entities' argument for partial remand under § 1441(c).

### 3. **Plaintiff's Request for Attorney Fees and Costs**

Lastly, Plaintiff seeks reimbursement for the attorney fees and costs it incurred as a result of the improper removal. Doc. 5 at 18-20. 28 U.S.C. § 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Based on the facts in this case, I recommend finding that an award of costs and attorney fees is not warranted. In light of the authority contrary to *Brady* and the fact that this Court could have chosen to depart from *Brady*, the Hart Entities had a reasonable basis for arguing that consent of Defendants was not required.

## IV. Conclusion

Defendants did not join in or consent to the Hart Entities' removal of this action. Due to this procedural defect in removal, I recommend that the Court grant Plaintiff's Motion to Remand and Brief in Support (Doc. 5) and remand this lawsuit to the Thirteenth Judicial District Court.

*/s/ Steve Yarbrough*
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**